ROBINS STILLMAN vs. JOSEPH L. WHITNEY, adm'r, &c.

Plaintiff's attorney can not disregard a plea and notice which is defective, after he has admitted service of it for a week or more, although he told defendant's attorney at the time it was served he thought it bad: he should have immediately returned it, or given notice it would be disregarded.

*Motion to set aside default and subsequent proceedings for irregularity with costs.*—The time to plead expired on the 7th May. Defendant sent a plea and notice to an individual residing at the same place with plaintiff's attorney two days previous to the 7th, but in consequence of the individual being absent from home it was not served until the 10th May. Default was entered on the 7th. Defendant's attorney then called on plaintiffs's attorney and requested him to waive the default and receive the plea and notice on payment of costs; which plaintiff's attorney

agreed to.   The amount of costs was paid, and plaintiff's attorney signed a stipulation by which he agreed to open and set aside the default and subsequent proceedings, and give defendant two days to plead; defendant's attorney in the meantime got the original plea and notice he had before sent, and served it on plaintiff's attorney, and requested him to admit service, plaintiff's attorney hesitated for the reason that the *plea* was not sworn to, but an affidavit accompanied the *notice*, that it was true in substance and matter of fact.   Defendant's attorney also served a general affidavit of merits, and told plaintiff's attorney he thought it would be his duty to return the plea and notice immediately, if he had any objection to it.   Plaintiff's attorney, finally duly admitted service of the plea and notice on the 24th May.   Defendant's attorney heard nothing farther from plaintiff's attorney until the 31st May, when he told defendant's attorney he had treated his plea and notice as a nullity, and had on the 29th May entered defendant's default again.

W. Brooks, *Def'ts Counsel.*          W. Brooks, *Def'ts Atty*

A. B. Hamilton, *Plff's Counsel*          A. B. Hamilton. *Plff's Atty.*

Beardsley, Justice.——Granted the motion on the ground, that plaintiff's attorney had admitted the service of the plea, and did not return it, although he had informed defendant's attorney, when it was served, he thought it bad, but gave him no notice that he should disregard it until he had entered his default some six or seven days afterwards.   Motion granted, costs to abide the event.